IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KELVIN ROSS SINCLAIR,       :
    Petitioner,       :
                :       3:14-cv-1116
    v.       :
                :       (Judge Mariani)
WARDEN J.E. THOMAS,       :
    Respondent.       :

**FILED
SCRANTON**

JUN 1 9 2014

PER _____
DEPUTY CLERK

## MEMORANDUM

On June 10, 2014, Petitioner, Kelvin Ross Sinclair, an inmate currently confined at

the United States Penitentiary, Lewisburg, Pennsylvania filed a *pro se* petition for writ of

habeas corpus pursuant to 28 U.S.C. § 2241 challenging his 2008 federal sentence from

the United States District Court for the District of South Carolina. (Doc. 1). For the

following reasons, the habeas petition will be transferred to the United States Court of

Appeals for the Fourth Circuit as a motion requesting authorization to file a second or

successive 28 U.S.C. § 2255 motion.

I.    **Background**

On December 19, 2006, Petitioner was indicted in the United States District Court for

the District of South Carolina on one (1) count of unlawful possession of a firearm and

ammunition by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and

924(e). *See United States v. Sinclair*, No. 4:06-cr-01321 (D.S.C.) at (Doc. 2). The charges

related to the shooting and killing of an individual at a night club in Myrtle Beach, South

Carolina. *See United States v. Sinclair*, 301 Fed. Appx. 251 (4th Cir. 2008). Petitioner was

subsequently convicted by a jury and, on February 4, 2008, he was sentenced to a term of

life imprisonment. *See United States v. Sinclair*, No. 4:06-cr-01321 (D.S.C.) at (Docs. 54,

70).

On direct appeal, Petitioner argued, *inter alia*, that the District Court erred in applying

a cross reference to U.S. Sentencing Guidelines Manual § 2A1.1 (2006) (First-Degree

Murder), and erred in overruling his constitutional challenge to the armed career criminal

sentence. *See Sinclair*, 301 Fed. Appx. at 252. The Fourth Circuit Court of Appeals

affirmed Petitioner's conviction and sentence. *See Sinclair*, 301 Fed. Appx. 251. The

appellate court concluded that there was sufficient evidence that Sinclair acted with

premeditation in shooting and killing the victim to warrant a cross reference to the

sentencing guideline for first-degree murder, rather than to the guideline for voluntary

manslaughter. *Id.* at 255. The court also noted that Sinclair challenged his armed career

criminal sentence, arguing that the government violated his constitutional rights by failing to

charge his predicate convictions in the Indictment, but found that this claim also failed. *Id.*

Petitioner then filed a petition for writ of certiorari with the United States Supreme

Court, which the United States Supreme Court denied on March 23, 2009. *See Sinclair v.*

*United States*, 566 U.S. 1144 (2009).

On November 18, 2010, Petitioner filed a motion to vacate sentence pursuant to 28

2

U.S.C. § 2255 with the sentencing court. *See United States v. Sinclair*, No. 4:06-cr-01321

(D.S.C.) at (Doc. 84). On February 15, 2011, the motion was dismissed with prejudice as

time-barred. *See Sinclair v. United States*, 2011 WL 573447 (D.S.C. 2011).

Presently before the Court is Petitioner's section 2241 habeas petition filed in the

United States District Court for the Middle District of Pennsylvania. (Doc. 1).

## II.   Standard of Review - Screening

Habeas corpus petitions filed pursuant to 28 U.S.C. § 2241 must be promptly

screened and are subject to summary dismissal "[i]f it plainly appears from the petition and

any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of

the Rules Governing Section 2254 Cases in the United States District Courts; *Patton v.*

*Fenton*, 491 F. Supp. 156, 158 (M.D. Pa. 1979) (Nealon, J.). "A petition may be dismissed

without review of an answer 'when the petition is frivolous, or obviously lacking in merit, or

where . . . the necessary facts can be determined from the petition itself . . . .'" *Belt v.*

*Scism*, 2010 U.S. Dist. LEXIS 97052, *2-3 (M.D. Pa. 2010) (Muir, J.) (quoting *Allen v.*

*Perini*, 424 F.2d 134, 141 (6th Cir.), *cert. denied*, 400 U.S. 906 (1970)).

## III.   Discussion

Motions filed under 28 U.S.C. § 2255 are the presumptive means by which federal

prisoners can challenge their convictions or sentences that are allegedly in violation of the

Constitution or laws of the United States or are otherwise subject to collateral attack. *Davis*

*v. United States*, 417 U.S. 333, 343 (1974); *O'Kereke v. United States*, 307 F.3d 117, 122-23 (3d Cir. 2002).  Section 2255 "channels collateral attacks by federal prisoners to the sentencing court rather than to the court in the district of confinement so that they can be addressed more efficiently." *Fraser v. Zenk*, 90 Fed. Appx. 428, 430 n.3 (3d Cir. 2004), *citing United States v. Hayman*, 342 U.S. 205, 210-19 (1952).

Review of a petition filed pursuant to 28 U.S.C. § 2241 is limited to circumstances where the remedy available under section 2255 is inadequate or ineffective to test the legality of detention. *See* 28 U.S.C. § 2255(e); *O'Kereke*, 307 F.3d at 120 (explaining that this exception is extremely narrow).  "A motion under § 2255 is inadequate or ineffective 'only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim.'" *Yuzary v. Samuels*, 269 Fed. Appx. 200, 201 (3d Cir. 2008) (quoting *Cradle v. United States*, 290 F.3d 536, 539 (3d Cir. 2002)).  Importantly, "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Id.*  Section 2255 may be inadequate or ineffective where the prisoner is imprisoned for conduct that the Supreme Court later determines is not criminal and where the prisoner did not have an opportunity to raise his claim in a § 2255 motion. *See In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997).

4

"If a prisoner attempts to challenge his conviction or sentence under 28 U.S.C. § 2241, the habeas petition must be dismissed for lack of jurisdiction." *Id.*, *citing Application of Galante*, 437 F.2d 1164, 1165 (3d Cir. 1971) ("Section 2255 has made the sentencing court the exclusive forum for challenge to the validity of a conviction and sentence.").

Petitioner claims, *inter alia*, that his sentence should be vacated in light of *Alleyne* and *Whiteside* because his sentence was enhanced/increased based on his designation as an armed career criminal, which the prosecution did not prove beyond a reasonable doubt. (Doc. 1, pp. 10, 11, 18) (citing *Alleyne v. United States*, 133 S. Ct. 2151 (2013); *Whiteside v. United States*, 748 F.3d 541 (4th Cir. 2014)). In *Alleyne*, the United States Supreme Court held that any fact that increases a minimum sentence must be submitted to the jury. *Alleyne*, 133 S. Ct. 2151. He argues that he should be permitted to proceed on the instant section 2241 motion due to the change in the law. (Doc. 1, p. 16). Petitioner appears to allege that because *Alleyne* is not a new rule of constitutional law, but is a statutory issue, he likely cannot bring a second § 2255 petition and must file a § 2241 petition. (Doc. 1, p. 16). In *Whiteside*, the Fourth Circuit Court of Appeals stated that "an erroneous application of the career offender enhancement amounts to a fundamental miscarriage of justice that is cognizable on collateral review." *Whiteside*, 748 F.3d at 551.

Petitioner also argues that the District Court erred in cross referencing the sentencing guideline for first-degree murder, and he was convicted of possession of a

5

firearm, not use of a firearm.  (Doc. 1, pp. 8, 18).  Petitioner appears to state that he is

actually innocent of the sentence enhancement and that he should have received a

significantly lower federal sentence.  (Doc. 1, pp. 18-20).

As Petitioner is ultimately challenging his conviction and sentence from the United

States District Court for the District of South Carolina, his claims must be raised under 28

U.S.C. § 2255.  *See Jackman v. Shartle*, 535 Fed. Appx. 87 (3d Cir. 2013) (finding that a

motion to vacate sentence under § 2255, rather than petition under § 2241, is the proper

remedy for a claim under *Alleyne*); *Wallace v. Bledsoe*, 2011 U.S. Dist. LEXIS 18799 (M.D.

Pa. 2011) (Jones, J.) (finding that the petitioner's claim that a prior conviction was

improperly used to enhance his sentence must be brought by way of section 2255); *Pryce v.

Scism*, 2011 U.S. Dist. LEXIS 1171, *11 (M.D. Pa. 2011) (Jones, J.) (concluding that

section 2255, not section 2241, is the appropriate section to address Pryce's claim, that he

is actually innocent of being a career criminal because his prior state convictions should not

have been considered to enhance his current federal sentence, and explaining that

innocence of a sentence enhancement is not the same as actual innocence of the

underlying criminal offense such that the remedy afforded by section 2255 would be

inadequate or ineffective).

As stated, Petitioner previously filed a section 2255 motion in the United States

District Court for the District of South Carolina.  Petitioner states that "there simply are no

6

grounds under which Petitioner could qualify for leave to file a second or successive § 2255

motion." (Doc. 1, p. 16, n. 2). Simply because Petitioner's prior habeas motion was

dismissed by the sentencing court and/or the one-year statute of limitations to file a section

2255 motion has expired, does not render 28 U.S.C. § 2255 inadequate or ineffective for

Petitioner to raise his present claim. Although the limitations period may have expired[1],

Petitioner can nonetheless file a motion to file a second or successive § 2255 motion

pursuant to 28 U.S.C. § 2244(b)(3)[2] with the Fourth Circuit Court of Appeals. Because

Petitioner did not obtain permission from the Fourth Circuit Court of Appeals to file a second

or successive section 2255 motion pursuant to 28 U.S.C. § 2244(b)(3), the instant petition is

subject to dismissal for lack of jurisdiction. However, in the interest of justice, the instant

habeas petition will be transferred to the Fourth Circuit Court of Appeals to be filed as a

motion requesting authorization to file a second or successive 28 U.S.C. § 2255 motion.

*See* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of

justice, a district court may transfer any civil action to any other district or division where it

might have been brought...").

---

[1]    The petition may be untimely and § 2255(f)(3) may not apply as the Supreme Court has not
held that *Alleyne* is retroactive to cases under collateral review. *See Guzman v. Mora*, 2013 U.S. Dist.
LEXIS 162041, \*7-8 (D.S.C. 2013) (citations omitted).

[2]    28 U.S.C. § 2244(b)(3)(A) states: "[b]efore a second or successive application permitted by
this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an
order authorizing the district court to consider the application."

## IV.   Conclusion

Upon review, this Court does not have jurisdiction to entertain the habeas petition.

Petitioner's claims are governed by 28 U.S.C. § 2255 and must be filed in the court of

conviction, which is the United States District Court for the District of South Carolina.

Because Petitioner must first seek permission to file a second or successive motion, in the

interest of justice, the habeas petition will be transferred to the Fourth Circuit Court of

Appeals.

An appropriate Order follows.

Date: June 19, 2014

Robert D. Mariani
United States District Judge